```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 1/19/2023
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PEDRO CHINNERY by King Connally Bey as next friend,

                Petitioner,

                -against-

COMMISSIONER SPANO, Warden,

                Respondent.

22-cv-6680 (MKV)

ORDER OF DISMISSAL

MARY KAY VYSKOCIL, United States District Judge:

      Pedro Chinnery is currently serving a 132-month sentence for conspiracy to distribute and possess with intent to distribute cocaine. *See United States v. Chinnery*, No. 21-cr-0463 (CS) (S.D.N.Y.) [ECF No. 124]. Although Chinnery is listed as the petitioner in the caption of this petition for a writ of *habeas corpus* under 28 U.S.C. § 2241, the petition is signed by King Connally Bey, who apparently seeks to proceed as "next friend" on Chinnery's behalf. For the reasons set forth below, the Court denies the petition without prejudice.

## STANDARD OF REVIEW

      The Court may entertain a petition for a writ of *habeas corpus* from a person in custody challenging the legality of his detention on the ground that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). The Court has the authority to review the petition and "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled [to such relief]." 28 U.S.C. § 2243. The Court is obliged, however, to construe *pro se* pleadings liberally and interpret them "to raise the strongest arguments they *suggest*." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted); *see Green v. United States*, 260 F.3d 78, 83 (2d

Cir. 2001). Nevertheless, a *pro se* litigant is not exempt "from compliance with relevant rules of procedural and substantive law." *Triestman*, 470 F.3d at 477 (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)).

## BACKGROUND AND DISCUSSION

A petition for a writ of *habeas corpus* may be brought either "by the person for whose relief it is intended or by someone acting in his [or her] behalf." 28 U.S.C. § 2242. When the petition is brought by a person other than the one seeking relief, the "next friend" must demonstrate that he or she has standing to act on the person's behalf. "First a 'next friend' must provide an adequate explanation – such as inaccessibility, mental incompetence, or other disability – why the real party in interest cannot appear on his own behalf to prosecute the action. Second, the 'next friend' must be truly dedicated to the best interests of the person on whose behalf he [or she] seeks to litigate, and it has been further suggested that a 'next friend' must have some significant relationship with the real party in interest." *Whitmore v. Arkansas*, 495 U.S. 149, 163–64 (1990) (citations omitted). "The burden is on the 'next friend' to establish the propriety of his status and thereby justify the jurisdiction of the court." *Id.* at 164.

Here, the petition includes no explanation why Connally Bey seeks to act on Petitioner's behalf, or why it is appropriate for him to do so. Connally Bey does not plead any facts showing that Petitioner is disabled, incompetent, or otherwise unable to proceed on his own behalf.[1]

Connally Bey also does not include any facts showing that he has a significant relationship with Petitioner or is "truly dedicated to [the petitioner's] best interests." *Whitmore*, 95 U.S. at 163.

---

[1] The Court also notes that defense counsel in the criminal matter raised at least some of the arguments made here. For example, the petition notes that, when seeking Petitioner's release on bail, defense counsel raised the issue of Petitioner's risk factors for COVID-19. *See Chinnery*, No. 21-cr-0463 [ECF No. 1 at 21]. Chinnery's conviction in the criminal case is currently on appeal. *See id.* [ECF No. 129].

Connally Bey recently brought a similar petition on behalf of a different pretrial detainee, in which Connally Bey made arguments very similar to those he makes here. *See Connally-Bey as next friend to Soto v. Caputo*, No. 22-CV-2966 (LTS), 2022 WL 1137166, at *1–*2 (S.D.N.Y. Apr. 18, 2022) (denying King Connally Bey leave to act file § 2241 petition as next friend to Dujuan Soto and dismissing petition without prejudice).[2]

Because Connally Bey's submissions do not set forth any reason why resorting to the "next friend" device is necessary or appropriate, he lacks standing to bring this § 2241 petition on Petitioner's behalf. *See, e.g., Ross ex rel. Dunham v. Lantz*, 408 F.3d 121, 123 (2d Cir. 2005) (holding that sister of death row prisoner could not assert "next friend" status where prisoner was not disabled or incompetent, and she made no showing that he could not act on his own behalf). The Court thus denies the petition without prejudice to Chinnery bringing any petition he may seek to file.

## CONCLUSION

King Connally Bey lacks standing to bring this petition on Pedro Chinnery's behalf. The petition is therefore denied without prejudice to any petition Chinnery may seek to file. The motion to amend pending at docket entry 3, also signed by Connalley Bey, is denied without prejudice for the same reason. Because the petition at this time makes no substantial showing of a denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

---

[2] That decision is currently on appeal, as well. *See Soto v. Caputo*, No. 22-cv-2966 [ECF No. 10].

The Clerk of Court is respectfully requested to terminate docket entry 3.

**SO ORDERED.**

Dated: January 19, 2023
       New York, New York

_____
**MARY KAY VYSKOCIL**
**United States District Judge**

4